# Maxwell *v.* Moore.

*Statutory Detinue by Mortgagor against Mortgagee.*

1. *Tender of mortgage debt after default, but before possession taken, and payment of money into court.*—A tender of full payment of the mortgage debt after default, but before the mortgagee has taken or demanded possession of the property for the purposes of foreclosure, if kept good, and the money brought into court, discharges the lien of the mortgage, and extinguishes the title of the mortgagee; and on proof of these facts, the mortgagor may recover the property from a purchaser at a subsequent sale under the mortgage.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. S. H. SPROTT.

This action was brought by B. S. P. Moore against John Maxwell and Richard Maxwell, to recover a mule, with damages for its detention; and was commenced on the 27th April, 1889. The defendants filed several pleas, and among them the following: "(B.) Defendants say that they purchased said mule at a sale under a certain mortgage made by plaintiff to R. Maxwell, Sons & Company; that they were *bona fide* purchasers at said sale, and were the legal owners of said mule at the commencement of this suit." "(5.) That the defendants own and are possessed of the property sued for; that the same was conveyed to them by a certain mortgage executed by plaintiff to R. Maxwell, Sons & Co., a

[Maxwell v. Moore.]

partnership of which defendants are members, which mort-gage has been regularly foreclosed, and the property sued for purchased by defendants." "(6.) That defendants are the owners of said property; that said property was conveyed to R. Maxwell, Sons & Company, a partnership of which they are members, by a certain mortgage executed by plaintiff to said R. Maxwell, Sons & Company, which mortgage has been regularly foreclosed; and that R. Maxwell, Sons & Company purchased said property at said foreclosure sale."

To these three pleas plaintiff filed replications as follows: (1.) "That defendants acquired no title at the said mortgage sale, because said mortgage debt had been paid off and discharged by a tender of the amount remaining due upon the debt secured by said mortgage, said tender being made prior to the property sued for being taken possession of by the mortgagees (the defendants herein); and that said tender has been kept good, and is still kept good, the tender of the amount remaining due on the mortgage debt being now on deposit in the hands of the clerk of the court." (2.) "Defendants, by a verbal contract, extended the law-day of the mortgage mentioned in plea *B;* and upon demand, and before the mortgaged property had been taken in possession by defendants, plaintiff tendered to them the amount remaining due upon said mortgage debt, with interest; that notwithstanding said tender, and the fact that said tender has ever since been kept good, defendants wrongfully and unlawfully wrested the possession of said property from the possession of the plaintiff, and have ever since wrongfully detained the same." (3.) "That the amount of the debt secured by the mortgage mentioned in said plea *B* was fully paid off and discharged by a tender in money of the amount due thereon, with interest; and that said tender is still kept and made good; and that such tender was made to the defendants prior to their taking possession of the personal property herein sued for."

To these replications the defendants filed demurrers, as follows: (1.) To the first replication, (1) because the same, while claiming a payment of the mortgage debt, fails to allege that said payment was made before or at the maturity of the debt, or the arrival of the law-day of the mortgage; (2) because, while said replication attempts to allege payment, it claims and alleges that said payment was made by a tender of the amount, which, if true, would not amount to payment; (3) because, if all the matters stated in said replication were true, it would be no answer to the plea, and would

not entitle the plaintiff to recover in this action." (2.) "To the second replication, (1) because the same seeks by parol testimony to contradict the terms of a written instrument; because said replication alleges that these defendants, by verbal contract, extended the law-day of said mortgage, which is shown to be without any consideration, and absolutely void; further, because said replication does not show or allege that said tender was made before the maturity of the debt, or the law-day of the mortgage, even as claimed to be extended; hence, if said allegation be true, it is no answer to the plea, nor would the plaintiff be entitled to recover; and further, because said replication alleges that defendants unlawfully and wrongfully wrested the possession of the property from the plaintiff, because that is not a subject of inquiry in this suit—it is only the wrongful detention of the property which is the question in this suit."

The court overruled each of these demurrers, and these rulings are the only matters assigned as error.

WOOD & MAYFIELD, for appellants.

FITTS & SOMERVILLE, *contra*. (No *briefs* on file.)

CLOPTON, J.—The principal question involved in the special pleas, replications, and demurrers to the replications, is, whether a tender of the amount due on a mortgage of personal property, after condition broken, operates, when kept good, to discharge the lien of the mortgage, and re-vest the title in the mortgagor, so that he may maintain an action of detinue against the mortgagee, who has taken possession after tender made, sold the property under the mortgage, and purchased at the sale. The contention of appellants is, that, as mortgages are governed in this State by the principles of the common law, a tender can not effectually extinguish the lien, unless made at the time of payment fixed by the contract of the parties—an offer of strict performance of the condition.

In those States where mortgages are regarded as a mere lien or security for a debt, and the title as remaining in the mortgagor until divested by foreclosure, the rule generally adopted is, that a tender at any time during the continuance of the right of redemption is the equivalent of payment as to things incidental and accessorial to the debt, and extinguishes the lien of the mortgage, though the tender is not kept good. *Kortright v. Cady*, 21 N. Y. 373 (78 Am. Dec. 145), though not the first, may be regarded as the leading

[Maxwell v. Moore.]

case holding this view. A qualified and more conservative rule is adopted in those States where a mortgage is considered as immediately transferring the legal title to the mortgagee, subject to be defeated by the payment of the debt at the time and in the manner specified in the mortgage. In a few, the courts hold that an unaccepted tender after default will not, at law, re-invest the mortgagor with the title, and that his only remedy is in equity to redeem; but, in the others, the common-law rule, that after condition broken the title vests absolutely in the mortgagee, has not been applied so strictly, where the mortgage is of personal property, as to hold that a tender, after default, when kept good, can not, under any circumstances, operate the destruction of the lien.

There are *dicta* in some of our early cases, and probably the weight of authority is, that a tender after default, in order to effect the extinguishment of the title of the mortgagee, must be made before he has rightfully and peaceably taken possession for the purposes of foreclosure. This question, however, has never been decided in this State, though directly presented in *Frank v. Pickens*, 69 Ala. 369; the disposition of that case not calling for its decision. It is not presented in this case, the replications averring that the tender was made before the mortgagees acquired possession. We shall, therefore, leave it, as it has heretofore been, undecided.

It may be conceded that, by the strict rule of the common law, a tender after failure to perform the condition of the mortgage will not, at law, destroy the title, which has become absolute in the mortgagee by the forfeiture. In equity, however, a mortgage being regarded as incident to, and security for the debt, the rigor and harshness of the common-law rule has been greatly relieved by holding that the mortgagor has the right to redeem, if not barred by unreasonable delay, by payment, or tendering full payment at any time before foreclosure. But courts of equity will not enforce the equity of redemption so as to deprive the mortgagee of his security by discharging the lien of the mortgage; its enforcement is dependent upon payment of the debt by the mortgagor, or by a sale of the property. In many of the States, courts of law, while not taking cognizance of the equity of redemption for the purpose of enforcing the right to redeem, but acting upon and applying equitable principles, have extended to a tender after default the effect of a tender made at the time and in the manner specified in the mortgage, modified so as to prevent the mortgagee's depri-

[Maxwell v. Moore.]

vation of his security without satisfaction of the debt. In *Frank v. Pickens, supra,* it was expressly held, that a tender of payment of the mortgage debt can not operate to extinguish the title of the mortgagee, unless the money tendered is kept ready to be paid to the mortgagee whenever he may manifest a willingness to receive it; and if the benefit of the tender is claimed in court, the money must be placed in the custody of the court, so that, if the tender be adjudged good, it may be awarded to the mortgagee—otherwise the mortgagor is regarded as having abandoned the tender. Recognizing the mortgagor's right of redemption, and observing the principles upon which courts of equity enforce it, the current of the later decisions is, that an unconditional tender after default, of the full amount due on the mortgage, if kept good, and the money brought into court, discharges the lien of the mortgage. We cite a few of the cases : *Crain v. McGoon,* 86 Ill. 43 ; 29 Amer. Rep. 37 ; *Know v. Williams,* 24 Neb. 636 ; 8 Amer. St. Rep. 220 ; *Matthews v. Lindsay,* 20 Fla. 962 ; *Musgat v. Pompelley,* 46 Wis. 660 ; Jones, Chat. Mortg. § 635.

The effect of a plea of tender, accompanied by bringing the money into court, came incidentally before this court in the case of *Foster v. Napier,* 74 Ala. 393. In that case, the suit was founded on a bond executed by Foster in the institution of a statutory action for the recovery of mules and a wagon. The record of the proceedings, pleadings and judgment in the action of detinue brought by Foster against Napier was read in evidence. In the action of detinue, Foster claimed the property under two mortgages, executed by Napier. A special plea was filed by Napier, averring payment of the mortgages, except one hundred and seventy-five dollars, which, the plea alleged, had been tendered to the mortgagee before action brought ; and the money was brought into court. It is said : "The issues being thus formed, if the defendant proved the truth of his second plea, he was entitled to a verdict ; but the money tendered would become the property of the plaintiff. In such case, the issue is confined to the debt, or its payment, for which the mortgage was given as security. . . . The defense set up in that suit, and the verdict and judgment thereon, taking into the account the pleadings and charge of the court on the trial, settled conclusively that Napier did not, at the commencement of that suit, owe Foster exceeding one hundred and seventy-five dollars on the debts secured by the mortgages, and that before suit was brought he had tendered that sum, and had it in court for Foster." The

principle of the decision is, that a tender before suit brought by the mortgagee to recover possession, when the money is brought into court, and the truth of the plea of tender is established, is tantamount to, and has the same effect as actual payment, in extinguishment of the lien and title of the mortgagee—in fact, it was treated as a payment.

Section 1870 of the Code declares: "The payment of a mortgage debt, whether the mortgage is of real or personal property, divests the title passing by the mortgage." Under section 2685, a plea of tender of money must be accompanied by a delivery of the money to the clerk of the court. If the money is deposited in court, and the truth of the plea established, the effect is to stop the running of interest from the time of tender. The money became the property of plaintiff, by relation, at the time when the tender was made. That such is the intention and effect of the statute, is manifest from the further provision, that if the tender be of personal property, the plea must aver readiness to deliver it to the plaintiff, and judgment for the defendant upon the plea vests the title to the thing tendered in the plaintiff, subject to any claim the defendant may have for his trouble in keeping it. A tender so made, and kept good, and the money brought into court, so as to be the equivalent of payment, if the tender be adjudged sufficient, comes within the spirit, equity and policy of section 1870 of the Code. On the foregoing principles, and in line with the current of the decisions of those States where mortgages are governed by the principles of the common law, we adopt as a safe and wholesome rule—conserving the ends of justice, protecting the mortgagor against oppression or undue advantage, and preventing injustice to the mortgagee—that a tender of full payment of the mortgage debt after default, and before the mortgagee has taken or demanded possession for the purpose of foreclosure, if kept good, and the money brought into court, operates to discharge the lien of the mortgage and extinguish the title of the mortgagee.

True, only the first replication avers that the money is brought into court; but the omission of this averment in the others is not assigned as a ground of demurrer. While we have left undecided, whether a tender after the mortgagee has taken or demanded possession will be effectual to discharge the lien of the mortgage, we hold that possession acquired after the tender is made, does not affect its operation. The replications not being obnoxious to any of the objections assigned as grounds of demurrer, the demurrers were properly sustained.

Affirmed.

[McDonald v. Walker.]

(Response to application for re-hearing.)

Per Curiam.—The court is of the opinion that the replications of the plaintiff to defendant's special pleas are not free from fault. But the demurrers to the replications were properly overruled, because, as framed, they were not directed against the objectionable portions of the replications. We, therefore, adhere to the conclusion reached in the opinion, and overrule the application for re-hearing.