# Hamaker *et al. v.* Bynum.

*Action against Mortgagee to recover Statutory Penalty for Failure to enter Payment on Record of Mortgage.*

1. *Penalty for failure to enter payment on record of mortgage; tender not sufficient to sustain suit.*—The tender of the amount due upon a mortgage made after breach of its condition will not, even if the money be brought into court at the institution of the suit, operate as a satisfaction of the mortgage within the meaning of the statute, which authorizes the recovery by a mortgagor against a mortgagee of a penalty for failure to enter payment on the record of a mortgage after the payment or satisfaction of said mortgage and a written request for the entry of payment on the margin of the record, (Code, § 1066).

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. J. A. BILBRO.
On the 10th day of April, 1899, the appellants, C. M.

Hamaker and W. T. Bennett, executed to the appellee, three chattel mortgages, each in the sum of $300, and due July 10, October 10, 1899, and January 10, 1900, respectively. On each of said mortgages payments were made near the date of maturity, leaving a balance due on each of them. On the 30th day of July, 1900, the appellants instituted this suit to recover the penalty of $200 under section 1066 of the Code for the failure of the appellee to mark the record of each of said mortgages satisfied, seeking to recover $600 in the aggregate. The complaint contained eight counts, the first declared on the three mortgages for $600 alleging payment of all of them. The 2d likewise declared on the three alleging a tender of the balance due on them. The 3d, 5th, 7th, declared on each one separately, alleging payment. The 4th, 6th, 8th declared on each one separately, alleging a tender of the balance due on each, respectively. The plaintiffs by leave of the court amended the 2d, 4th, 6th and 8th counts by averring that when the tender was made, the law day of each mortgage had passed and the defendant had not taken possession of any of the property under said mortgages for foreclosure, nor for any other purpose.

The defendant demurred to the first and second counts for a misjoinder. He also demurred to the 2d, 4th, 6th and 8th because each count shows on its face that the mortgages have not been *fully paid*, and that the balance admitted to be due was only *tendered* to the defendant. The demurrers were sustained and issue was joined on defendant's pleas to the remaining counts.

The plaintiffs offered in evidence the original mortgages, and also the record of each and the payments made on them. The plaintiffs then offered to prove the tender of the balance due on each mortgage separately. Objection to this was sustained, and exception reserved. They also offered to prove notice to satisfy the record, and to this, objection was sustained. By reason of these rulings of the court upon the evidence which were adverse to the plaintiffs, the plaintiffs took a non-suit with bill of exceptions. From a judgment in favor of

[Hamaker *et al.* v. Bynum.]

the defendants the plaintiffs appeal, and assign as error the rulings of the trial court to which exceptions were reserved.

S. W. TATE and J. E. BROWN, for appellants.—The payment of a mortgage whether of real or personal property divests the title passing by the mortgage.—Code, § 1067; *Maxwell v. Moore*, 95 Ala. 171.

When the lien has been discharged and the title of the mortgagee extinguished, then surely the mortgagor has the right to have it published to the world that his property is no longer under the mortgage and have the fact of payment or satisfaction entered on the record.—*Gay, Hardie & Durr, v. Rodgers*, 109 Ala. 628, 629. This case is properly presented by non-suit and bill of exceptions.—*Wood v. Coman*, 56 Ala. 283.

TALLY & HOCKWORTH, *contra*.—The statute is highly penal and must be strictly construed. The penalty is denounced against the mortgagee, who fails to enter satisfaction on the mortgage, under the circumstances shown in the statute. To recover a statutory penalty, the party complaining must bring himself in the letter of the statute, for such statutes are construed strictly. *Grooms v. Hannon*, 59 Ala. 510; *Scott v. Field*, 75 Ala. 419; *Burrows v. Bangs*, 34 Mich. 304; *Meyer v. Hart*, 40 Mich. 517; *Confield v. Conklin*, 41 Ala. 371.

A tender is not a payment under such statutes nor is it a satisfaction. The word satisfaction was evidently used to cover cases where the mortgage may be satisfied otherwise than by a payment.—*Alexander v. Caldwell*, 61 Ala. 543; *Franke v. Pickens*, 69 Ala. 369; *Maxwell v. Moore*, 96 Ala. 166.

SHARPE, J.—Section 1066 of the Code provides for the recovery of a forfeiture when a mortgage "has been fully paid or satisfied," and there is no suit in which the fact of payment or satisfaction can be tested and the mortgagee fails for two months after written request to "enter the fact of payment or satisfaction on the margin of the record of the mortgage," etc. This

[Hamaker *et al.* v. Bynum.]

suit is sought to be maintained upon the proposition that a tender of the amount due on a mortgage, made after breach of its condition, will if the money be brought into court along with the suit, operate as a satisfaction of the mortgage within the meaning of the section referred to. In support of the proposition, appellants rely on section 1067 of the Code which declares that "the payment of a mortgage debt whether of real or personal property, divests the title passing by the mortgage," together with the decision in *Maxwell v. Moore*, 95 Ala. 166, where, in construction of the last mentioned section, it was in an action of detinue held as stated in the head-note, that " a tender of full payment of the mortgage debt after default, but before the mortgagee has taken or demanded possession of the property for the purpose of foreclosure, if kept good, and the money brought into court, discharges the lien of the mortgage, and extinguishes the title of the mortgagee." That decision is opposed, rather than favorable, to appellant's contention. It recognizes the correctness of the principle asserted in *Frank v. Pickens*, 69 Ala. 369, to effect that a tender of payment of the mortgage debt, whether made before or after the law day does not of itself operate to extinguish the title of the mortgagee under a chattel mortgage, and can so operate only in connection with a maintained readiness on the part of the person making it, to pay the debt, so that the mortgagee may accept payment at pleasure and may not ultimately be adjudged to have lost his security without payment, or a deposit of the money for him in court.

Under these decisions, the determination of a suit having for its subject matter mortgaged property, may depend on conditions in respect of tender existing up to and at the time of trial, when by relation back, the tender can be given the effect of divesting the mortgage title as of the time of the tender. But the right to sue for a forfeiture, does not arise until the forfeiture has arisen, and if satisfaction of the mortgage does not occur without maintenance of tender to the trial, it follows that in such case forfeiture does not occur before

[National Building & Loan Association v. Cheatham *et al.*]

the beginning of the suit, because by the unambiguous language of the statute payment or satisfaction must precede forfeiture. The statute under consideration is penal, and a settled rule of construction applicable to such statute forbids the extension of its provisions by implication.—*Jarrett v. McCabe,* 75 Ala. 325; *Grooms v. Hannon,* 59 Ala. 510; *Southern B. & L, Asso. v. Rowe,* 125 Ala. 491; *Southern B. & L. Asso. v. Mc-Cants,* 120 Ala. 616.

The judgment of non-suit will be affirmed.