(92 South. 470)

### MAPLES v. MORRING. (8 Div. 443.)

(Supreme Court of Alabama. April 20, 1922.)

1. Principal and agent ⏀143(2)—Contract made by agent without disclosing existence of principal inures to benefit of principal.

Except in the case of executory contracts involving personal trust and confidence, where an agent on behalf of his principal enters into a simple contract as though made for himself, without disclosing the existence of the principal, the contract inures to the benefit of the principal, who may sue thereon as the real party in interest.

2. Principal and agent ⏀143(2)—Principal held entitled to commissions earned by agent under contract made by agent without disclosing existence of principal.

Principal *held* entitled to commission earned by his agent in procuring an exchange of land pursuant to a contract made by the agent without disclosing the existence of the principal; the contract having been executed.

3. Appeal and error ⏀193(9)—Principal's complaint for commissions earned by agent held sufficient.

In principal's action for commissions earned by his agent in procuring an exchange of lands pursuant to a contract made by the agent without disclosing the existence of the principal, complaint, not demurred to, though containing an ellipsis, cannot be reviewed as not stating a cause of action, where the complaint was self-correcting.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Action by E. B. Morring against I. L. Maples to recover commission in the sale of real estate. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The third count is as follows:

The plaintiff claims of the defendant the sum of $1,000, due from him as follows: The de-

fendant heretofore employed the plaintiff to sell or exchange his farm with one William Clay, and agreed to pay plaintiff the said sum of $1,000 if the plaintiff could sell or exchange said farm with the said William Clay, and the plaintiff alleges that he has complied with his part of said contract, and did arrange and consummate an exchange between the defendant's farm and the said William Clay, yet, nevertheless, has failed and refuses to comply with his part of the contract, in this, that he would pay the plaintiff the sum of $1,000, and still fails and refuses upon demand to pay the same. Wherefore this suit.

Charge 3, refused to the defendant, was as follows:

(3) If you believe from the evidence that Maples made a contract with Preston to pay him a commission for bringing about a trade or exchange of lands, and that Preston did not mention that he was acting for Morring, and that it was not disclosed to Maples that Preston was acting for Morring, then plaintiff cannot recover on the contract made with Maples.

Spraggins & Speake, of Huntsville, for appellant.

Count 3 charges no cause of action. 192 Ala. 354, 68 South. 291. Morring could not recover under the facts proven. 2 C. J. 875 and 897; 15 Ala. 293; 152 Ala. 571, 44 South. 642, 13 L. R. A. (N. S.) 156, 15 Ann. Cas. 237.

R. E. Smith, of Huntsville, for appellee.

Although an undisclosed principal, Morring could enforce the contract made by his agent. 192 Ala. 235, 68 South. 874; 78 Ala. 511, 56 Am. Rep. 52; 128 Ala. 221, 29 South. 640; 135 Ala. 415, 33 South. 160; 137 Ala. 292, 34 South. 839. The scintilla of evidence rule obtains in Alabama. 202 Ala. 681, 81 South. 637; 204 Ala. 297, 85 South. 535; 17 Ala. App. 290, 84 South. 545.

SAYRE, J. Appellee recovered judgment against appellant for commissions earned by one Preston as his agent in procuring an exchange of lands between appellant and one Clay. Appellant defended on the ground that, without being apprised of Preston's agency, he had dealt with Preston as principal; that he had the right to determine with whom he would contract; and that another could not be thrust upon him without his consent.

[1, 2] There is an exception in the case of executory contracts involving personal trust and confidence (Birmingham Matinee Club v. McCarty, 152 Ala. 571, 44 South. 642, 13 L. R. A. [N. S.] 156, 15 Ann. Cas. 237), but, otherwise, the rule seems to be universally accepted that, where an agent on behalf of his principal, enters into a simple contract as though made for himself, and the existence of the principal is not disclosed, the con-

tract inures to the benefit of the principal, who may sue thereon as the real party in interest. 2 C. J. 873, 874. This rule has been frequently followed in this court. Sellers v. Malone-Pilcher Co., 151 Ala. 426, 44 South. 414, citing cases; Western Union v. Northcutt, 158 Ala. 539, 557, 48 South. 553, 132 Am. St. Rep. 38, citing like cases. Here the contract had been executed, and plaintiff's right to recover on the third count, which alone went to the jury, was submitted under proper instructions.

Charge 2, requested by defendant, was properly refused. Fairly construed, there was no evidence going to show that plaintiff and Preston were partners at the time of the transaction in controversy.

[3] There was no demurrer to the complaint, but now appellant suggests that it failed to state a cause of action. We cannot agree. There was an ellipsis; but, as against the objection now taken, the count was self-correcting. It shows that defendant failed or refused to pay commissions.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.