51 So.2d 538

### DECKER v. STATE NAT. BANK.
#### 6 Div. 940.

Supreme Court of Alabama.
March 29, 1951.

374

J. T. Johnson, of Oneonta, for appellee.

R. G. Kelton, of Oneonta, for appellant.

LIVINGSTON, Chief Justice.

The case went to the jury on counts three and four of the complaint. Count three is in detinue to recover one super-streamline 9-foot Walrus Soda Fountain. County four claims thirty-five hundred dollars as damages for the alleged conversion of the same described personal property. The jury returned a verdict in favor of the defendant. Motion for a new trial was denied, and the plaintiff in the court below prosecutes this appeal.

The record shows that on October 6, 1947, Luther E. Parker, Jr., executed a note and chattel mortgage on the soda fountain to the Citizens National Bank at Oneonta, Alabama, to secure a loan of $410.00. The chattel mortgage secured the payment of only the note given.

The State National Bank at Oneonta, Alabama, held two notes and mortgages executed by Luther E. Parker, Jr., to secure loans made him by said bank. One of these mortgages list many items of personal property and was given to secure a loan of $4081.60. The other mortgage was on one Ford jeep and was given to secure a loan in the amount of $471.50.

Parker's indebtedness to the Citizens National Bank became past due on April 7, 1948. He requested the State National Bank to purchase the note and mortgage held by the Citizens National Bank and on June 5, 1948, the Citizens National Bank transferred the note and mortgage to the State National Bank without recourse.

Thus the State National Bank became the owner of the three notes and mortgages, and on June 8, 1948, Parker executed three extension or renewal notes and mortgages. All of the mortgages were recorded in the office of the judge of probate of Blount County, where the parties lived and the property was located.

Subsequently, on September 21, 1948, Wilma Decker purchased from Parker the soda fountain in question and immediately tendered to the State National Bank $460.80 to pay the indebtedness secured by the mortgage on the soda fountain. The bank refused the tender.

The renewal note and mortgage executed and delivered by Parker to the State National Bank on June 8, 1948, covering the soda fountain, contained the following clause: "To secure the above sum and any other liabilities of any maker of this note to said payee, due or that may become due, now existing or hereafter contracted, the undersigned mortgage, sell and convey to the payee the following described property warranted to be free from encumbrances, towit: One 1947 Super Stream Line 9 Footer Watrus Soda Fountain."

At this time Parker was indebted to the State National Bank in the sum of $4081.00, evidenced by a note and mortgage; the additional sum of $452.00, evidenced by a note and mortgage, and the additional sum of $191.23 evidenced by a note and mortgage.

On November 1, 1948 the State National Bank gave notice of foreclosure under the power of sale contained in its mortgage and became the purchaser of the property here sued for on November 8, 1948.

Appellant earnestly insists that a tender by the mortgagor or his assignee or transferee of the full amount of the mortgage debt to the mortgagee, and kept good, before the taking of the property into possession by the mortgagee for the purpose of foreclosure, divests the title of the mortgagee evidenced by the mortgage, and the mortgagee thereafter has no right of possession. Maxwell v. Moore, 95 Ala. 166, 10 So. 444; Hampton v. Stewart, 240 Ala. 2, 194 So. 509. We have no quarrel with this principle of law, but did the offer by appellant to appellee of $460.80, kept good and paid into court, under the facts shown amount to a tender? We think not.

It is held that in order for a tender to be effective nothing short of everything that a creditor is entitled to receive is sufficient, and a debtor must, at his peril, tender the entire sum due. Ebersole v. Addington, 156 Ala. 575, 46 So. 849; Smith v. Anders, 21 Ala. 782; 62 C.J. 600.

Appellant contends that each of the three notes and mortgages held by the State National Bank were separate and distinct indebtednesses and that each mortgage was given to secure the accompanying note.

The case of Marcus v. Robinson, 76 Ala. 550, relied upon by appellant, reveals facts quite different from those here involved. The mortgage there under consideration was given to secure future advances necessary to make a crop, and the Court merely held that certain items such as whiskey and tobacco were not necessary to make a crop and that therefore such items were not in contemplation of the parties and not secured by the mortgage given.

In Winston v. Farrow, Ala.Sup., 40 So. 53, it was held that a mortgage given primarily to secure a certain sum, recited that it was to "secure this debt and all other sums due prior to the payment hereof", sums due the mortgagee at any time before the payment of the particular debt mentioned would be construed as within the terms and protection of the mortgage; but debts accruing to the mortgagee after the payment of the particular debt were not within the provision of the mortgage.

We think that the present case, under the pleading as framed and the proof offered, should be governed by the principle set forth in Sellers & Co. v. Malone-Pilcher Co., 151 Ala. 426, 44 So. 414, 416. There the Court said: "Both of these mortgages, executed as stated, on the same day, and payable at the same time, the 15th of September, 1905, contained the provision that they were each given the one to secure a debt of $45.65, 'as well as any other

amount we or either of us now owe or may owe said Malone-Pilcher Company, at or before the payment of this note,' and the other to secure a debt of $94.15, with a like provision as that copied from the $45.65 mortgage. * * * Each of these mortgages was made, and stood as a security, not only for the debt it primarily secured, but, also, for the debt expressed in the other."

Here the appellant purchased with notice of the terms of the mortgage which stated that the mortgage was security for the debt stated and "any other liabilities of any maker of this note to said payee, due or that ma ' become due, now existing or hereafter co itracted, etc."

In Winston v. Farrow, supra, the court had the following to say with reference to notice: "If it (mortgage) contains enough to show a contract that it is to stand as a security to the mortgagee for such indebtedness as may arise from future dealings between the parties, it is sufficient to put a purchaser or incumbrancer on inquiry; and if he fails to make it in the proper quarter he cannot claim protection as a bona fide purchaser."

Here the appellant bought with notice of the mortgage and all of its terms, which terms were broad enough to cover not only future dealings but those of the past. As indicated in the Winston case, supra, the duty was upon the purchaser to "make inquiry in the proper quarter." This the appellant did not do.

There are assignments of error relative to the rulings of the trial court with regard to certain testimony sought to be elicited as to conversations between Parker and the agents of the State National Bank had at the time of the signing of the extension or renewal notes and mortgages. This line of testimony, if allowed, could only have served to vary the terms of the mortgage itself. As heretofore stated, appellant bought with full notice of the terms of the mortgage and while there might be equitable considerations as between Parker and the bank, appellant in this action at law must be bound by the terms of the mortgage which to us, is plain and unambiguous.

In the case of Butler Cotton Oil Co. v. G. H. Campbell & Son, 16 Ala.App. 445, 78 So. 643, evidence as to fraud in the procurement of a signature on a mortgage was admitted but the original record in that case contains the following plea: "Comes the defendant and for answer to plaintiff's complaint and says that the mortgage of plaintiff which forms the basis of this action was procured by fraud and is therefore void."

■ Here there is no charge or plea of fraud in the procurement of the mortgage. Fraud is never presumed and when relied upon must be distinctly alleged and proven. Stuart v. Holt, 198 Ala. 73, 73 So. 390.

■ There was no error in the rulings of the trial court disallowing certain questions designed to vary the terms of the mortgage or show fraud in the procurement thereof.

It does not appear from the evidence that the appellant, prior to her purchase or at any subsequent time, requested of the mortgagee bank a statement of the amount due under the terms of the mortgage, but in making her attempted tender offered only so much as she deemed due. The jury, properly we think, must have found that in fact full tender was never made by appellant.

Other assignments relate to the refusal of written requested charges. The subject matter of charges 1 and 2 was fully covered in the court's oral charge. As framed these charges could also have been disallowed on the ground that they are misleading.

Charges 3, 4, 5 and 6 were properly refused since no issue of fraud was framed by the pleadings. Stuart v. Holt, supra.

It appears there is no error in the record and that the judgment of the trial court is due to be affirmed.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.