CHARLES WINCHESTER & another *vs.* SAMUEL HOWARD.

S., being W.'s agent to sell a pair of oxen, concealed his agency in a negotiation for the sale of them to H., and in answer to H.'s inquiries made representations tending to induce H. to believe that they were the property of S. himself and not of W., and agreed "that H. might drive them home, and that he would give H. a bill of sale of them the next day, or that H. might drive them back, if he did not then find things as S. had told

him." H. drove them home, and, discovering the same evening that W. claimed to own them and that they had never been the property of S., for that reason drove them back the next morning and refused to take a bill of sale. In an action by W. against H. for the price of the oxen, *Held*, that it should have been left to the jury to determine whether the minds of the parties really met, and, if so, what the contract was.

CONTRACT for the price of a pair of oxen alleged to have been purchased by the defendant of the plaintiffs. The defence set up was a denial of such purchase.

At the trial in the superior court, before *Morton*, J., the plaintiffs introduced evidence tending to prove that through one Lorenzo Smith, their agent, they sold the cattle to the defendant; whereupon the defendant offered to prove certain facts which, he contended, established his defence; but the judge ruled that, if proved, they would constitute no defence to the action, and directed a verdict for the plaintiffs. In the defendant's bill of exceptions allowed by the judge, this offer of proof is recited as follows:

" The defendant offered evidence to prove that said Smith, at his barn, where the cattle were, told the defendant that he had a pair of oxen for sale (referring to the pair for the price of which this action is brought); and that another pair belonging to one Blanchard were in his possession, which pair he was authorized to sell; and in answer to the defendant's inquiries, represented that the pair first named had never been hurt, that the plaintiffs had no mortgage upon them, and that there was no claim upon them excepting the claim which he (Smith) had; and further stated that the defendant might drive the cattle home, and that he would give the defendant a bill of sale of them the next day; or, if the defendant did not find things as he (Smith) had told him, he might drive the cattle back; that the defendant thereupon took the cattle and drove them home, and the same evening discovered that the plaintiffs claimed to own them, and that they had never been the property of Smith; that the next day he returned the cattle to Smith on account of this discovery as to the title, contending that he had a right so to do; that Smith declined to receive them, and offered to give the defendant a bill of sale of them in the name of the plaintiffs, or a bill in his own name, both of which offers the defendant

rejected, insisting upon his right to return the cattle; over which neither party has since exercised rights of ownership.

" The defendant further offered to show that for some years previous he had had no dealings with the plaintiffs; that he should not knowingly have entered into any contract with them, or purchased any property of them, and that he relied upon the statement of Smith in regard to the ownership of the cattle, and was induced thereby to enter into the contract, which he should not have done had he known that the plaintiffs were the owners of the cattle; that he did not know and had no reason to suppose that Smith was an agent of or acting for the plaintiffs; and that no money or other consideration was paid by the defendant, nor were any steps taken to complete the contract, except as above set forth."

*G. A. Torrey,* for the defendant.

*G. F. Hoar,* for the plaintiffs.

CHAPMAN, J. The court are of opinion that it should have been left to the jury in this case to determine whether the minds of the parties really met upon any contract; and if so, what the contract was.

It is true that an agent may sell the property of his principal without disclosing the fact that he acts as an agent, or that the property is not his own; and the principal may maintain an action in his own name to recover the price. If the purchaser says nothing on the subject, he is liable to the unknown principal. *Huntington* v. *Knox,* 7 Cush. 371. But on the other hand, every man has a right to elect what parties he will deal with. As was remarked by Lord Denman in *Humble* v. *Hunter,* 12 Q. B. 311, " You have a right to the benefit you contemplate from the character, credit and substance of the person with whom you contract." There may be good reasons why one should be unwilling to buy a pair of oxen that had been owned or used or were claimed by a particular person, or why he should be unwilling to have any dealings with that person; and as a man's right to refuse to enter into a contract is absolute, he is not obliged to submit the validity of his reasons to a court or jury

In this case it appears that Smith, the plaintiffs' agent, told the defendant that he had a pair of oxen for sale, (referring to the oxen in question,) and that another pair belonging to one Blanchard were in his possession, which pair he was authorized to sell. A jury might properly find that this amounted to a representation that the oxen in question were his own. The defendant then made inquiries; in answer to which Smith affirmed that the oxen had never been hurt; that the plaintiffs had no mortgage upon them, and that there was no claim upon them except the claim which Smith had. A jury might properly find that this was, in substance, a representation that the title to the oxen was exclusively in Smith; and that, as the defendant was unwilling to deal with the plaintiffs, he made proper inquiries on the subject, and was led by Smith to believe he was not dealing with the plaintiffs. The defendant took the cattle home with an agreement that he might return them "if he did not find things as Smith had told him." In the course of the evening he was informed that the cattle belonged to the plaintiffs, and being unwilling to buy oxen of them, he returned them to Smith the next morning before any bill of sale had been made. The jury would be authorized to find that he returned them within the terms of the condition upon which he took them, because he did not find things as Smith had told him. It is thus apparent that upon the whole evidence they would be justified in finding a verdict for the defendant. *Exceptions sustained.*