## BOSTON ICE COMPANY *vs.* EDWARD POTTER.

Suffolk.　April 4. — June 28, 1877.

A., who had bought ice of B., ceased to take it on account of dissatisfaction with B., and contracted for ice with C. Subsequently B. bought C.'s business and delivered ice to A., without notifying him of his purchase until after the delivery and consumption of the ice. *Held,* that B. could not maintain an action for the price of the ice against A.

CONTRACT on an account annexed, for ice sold and delivered between April 1, 1874, and April 1, 1875. Answer, a general denial.

At the trial in the Superior Court, before *Wilkinson*, J., without a jury, the plaintiff offered evidence tending to show the delivery of the ice and its acceptance and use by the defendant from April 1, 1874, to April 1, 1875, and that the price claimed in the declaration was the market price. It appeared that the ice was delivered and used at the defendant's residence in Boston, and the amount left daily was regulated by the orders received there from the defendant's servants ; that the defendant, in 1873, was supplied with ice by the plaintiff, but, on account of some dissatisfaction with the manner of supply, terminated his contract with it ; that the defendant then made a contract with the Citizens' Ice Company to furnish him with ice ; that some time before April, 1874, the Citizens' Ice Company sold its business to the plaintiff, with the privilege of supplying ice to its customers. There was some evidence tending to show that the plaintiff gave notice of this change of business to the

defendant and informed him of its intended supply of ice to him ; but this was contradicted on the part of the defendant.

The judge found that the defendant received no notice from the plaintiff until after all the ice had been delivered by it, and that there was no contract of sale between the parties to this action except what was to be implied from the delivery of the ice by the plaintiff to the defendant and its use by him ; and ruled that the defendant had a right to assume that the ice in question was delivered by the Citizens' Ice Company, and that the plaintiff could not maintain this action.  The plaintiff alleged exceptions.

*J. P. Farley, Jr.*, for the plaintiff.

*E. C. Bumpus & E. M. Johnson*, for the defendant.

ENDICOTT, J.  To entitle the plaintiff to recover, it must show some contract with the defendant.  There was no express contract, and upon the facts stated no contract is to be implied. The defendant had taken ice from the plaintiff in 1873, but, on account of some dissatisfaction with the manner of supply, he terminated his contract, and made a contract for his supply with the Citizens' Ice Company.  The plaintiff afterward delivered ice to the defendant for one year without notifying the defendant, as the presiding judge has found, that it had bought out the business of the Citizens' Ice Company, until after the delivery and consumption of the ice.

The presiding judge has decided that the defendant had a right to assume that the ice in question was delivered by the Citizens' Ice Company, and has thereby necessarily found that the defendant's contract with that company covered the time of the delivery of the ice.

There was no privity of contract established between the plaintiff and defendant, and without such privity the possession and use of the property will not support an implied assumpsit. *Hills* v. *Snell*, 104 Mass. 173, 177.  And no presumption of assent can be implied from the reception and use of the ice, because the defendant had no knowledge that it was furnished by the plaintiff, but supposed that he received it under the contract made with the Citizens' Ice Company.  Of this change he was entitled to be informed.

A party has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent. It may be of importance to him who performs the contract, as when he contracts with another to paint a picture, or write a book, or furnish articles of a particular kind, or when he relies upon the character or qualities of an individual, or has, as in this case, reasons why he does not wish to deal with a particular party. In all these cases, as he may contract with whom he pleases, the sufficiency of his reasons for so doing cannot be inquired into. If the defendant, before receiving the ice, or during its delivery, had received notice of the change, and that the Citizens' Ice Company could no longer perform its contract with him, it would then have been his undoubted right to have rescinded the contract and to decline to have it executed by the plaintiff. But this he was unable to do, because the plaintiff failed to inform him of that which he had a right to know. *Orcutt* v. *Nelson*, 1 Gray, 536, 542. *Winchester* v. *Howard*, 97 Mass. 303. *Hardman* v. *Booth*, 1 H. & C. 803. *Humble* v. *Hunter*, 12 Q. B. 310. *Robson* v. *Drummond*, 2 B. & Ad. 303. If he had received notice and continued to take the ice as delivered, a contract would be implied. *Mudge* v. *Oliver*, 1 Allen, 74. *Orcutt* v. *Nelson, ubi supra*. *Mitchell* v. *Lapage*, Holt N. P. 253.

There are two English cases very similar to the case at bar. In *Schmaling* v. *Thomlinson*, 6 Taunt. 147, a firm was employed by the defendants to transport goods to a foreign market, and transferred the entire employment to the plaintiff, who performed it without the privity of the defendants, and it was held that he could not recover compensation for his services from the defendants.

The case of *Boulton* v. *Jones*, 2 H. & N. 564, was cited by both parties at the argument. There the defendant, who had been in the habit of dealing with one Brocklehurst, sent a written order to him for goods. The plaintiff, who had on the same day bought out the business of Brocklehurst, executed the order without giving the defendant notice that the goods were supplied by him and not by Brocklehurst. And it was held that the plaintiff could not maintain an action for the price of the goods against the defendant. It is said in that case that the

defendant had a right of set-off against Brocklehurst, with whom he had a running account, and that is alluded to in the opinion of Baron Bramwell, though the other judges do not mention it.

The fact that a defendant in a particular case has a claim in set-off against the original contracting party shows clearly the injustice of forcing another person upon him to execute the contract without his consent, against whom his set-off would not be available. But the actual existence of the claim in set-off cannot be a test to determine that there is no implied assumpsit or privity between the parties. Nor can the non-existence of a set-off raise an implied assumpsit. If there is such a set-off, it is sufficient to state that, as a reason why the defendant should prevail; but it by no means follows that because it does not exist the plaintiff can maintain his action. The right to maintain an action can never depend upon whether the defendant has or has not a defence to it.

The implied assumpsit arises upon the dealings between the parties to the action, and cannot arise upon the dealings between the defendant and the original contractor, to which the plaintiff was not a party. At the same time, the fact that the right of set-off against the original contractor could not, under any circumstances, be availed of in an action brought upon the contract by the person to whom it was transferred and who executed it, shows that there is no privity between the parties in regard to the subject matter of this action.

It is, therefore, immaterial that the defendant had no claim in set-off against the Citizens' Ice Company.

We are not called upon to determine what other remedy the plaintiff has, or what would be the rights of the parties if the ice were now in existence.    *Exceptions overruled.*