Haight, J.
This action was brought to recover damages for a breach of contract in defendant’s failure to deliver a lecture under the auspices of the plaintiff, at Auburn, N. Y., during the winter of 1877-78. At the conclusion of the plaintiff’s evidence the court granted a non-suit. Upon the trial the plaintiff was sworn as a witness in his own behalf, and testified that he met the defendant on the 13th of November, 1877, at Syracuse; that he had delivered a lecture there at that time; that after the lecture the plaintiff went with one A. D. Parry to the defendant’s room, in the Globe hotel, where Mr. Parry introduced him to the defendant; that he then asked the defendant if he could engage him to deliver the same lecture that he had delivered at Syracuse for him in Auburn; that the defendant asked several questions in relation to the surrounding country and the population of the city, and then said that he would lecture for him at Auburn, delivering the same lecture for $250, and that he would furnish certain advertising matter, which might be called “dodgers;” that the plaintiff said that he would engage him, and would give him that sum to deliver the lecture; the defendant then asked him to call the next morning at his rooms in the hotel, and he did so, and the defendant then gave him several hundred dodgers. That he asked the defendant to give him a date, and the defendant said that he could not; that he would give him a date dúring the lecture season, in the fall of 1877 and the winter of 1878; that he would give him two weeks notice whenever he could fix the date, and that it should be left to him to fix the date. This the plaintiff agreed to. The plaintiff further testified that he distributed the *219 dodgers, caused extracts to printed at different times in the newspapers, and made arrangements for a hall and for a special train over the Southern Central Railway. The defendant did not fix the date for the delivery of the lecture and has never delivered it
We are inclined to the opinion that the evidence was sufficient to raise a question for the jury. It is true, that no day was fixed for the delivery of the lecture; but if the testimony of the plaintiff is correct, it was to be delivered during the season of 1877-8, and it was left to the defendant to fix the date," thereby suiting his own convenience. It appears to us that all the essential elements constituting a contract were here talked over and agreed upon. True, it may be that these parties did not intend or understand that an agreement was finally consummated between them, and it is quite possible that the jury would have found that the conversation which took place was but the preliminary negotiations and that it was not intended as a fixed contract. But inasmuch as the conversation covered the whole ground, fixing the price and time within which the lecture was to be delivered, it appears to us that it became a question of fact for the jury to determine whether or not there was an assent of the minds of the parties so as to constitute a valid contract, or whether that .which passed between them was a loose conversation not understood or intended as an agreement. Thurston v. Thornton, 1 Cushing, 89; Winchester v. Howard, 97 Mass., 303; Brown v. The New York Central Railroad Co., 44 N. Y., 79.
The motion for a new trial should be granted, with costs to abide the event. So ordered.
Smith, P. J., and Bradley, J., concur.