By the Court.—Truax, J.
The action w.as brought to recover from the defendants as undisclosed principals. The evidence shows that the plaintiffs asked Bishop, the person who, as a matter of fact, bought the goods, if he was buying for the defendants, and stated to him that if he was buying for the defendants, plaintiffs would not sell the goods to them. Bishop said that he was not buying for the defendants, but that he was buying for himself.
It was testified on the trial, and for the purposes of this appeal it must be taken as the fact, that Bishop was buying the goods for the defendants.
Where an agent acts for an undisclosed principal, the third party on discovering the principal, may sue him and recover (Meeker v. Claghorn, 44 N. Y. 351), provided that in the meantime the principal has not in good faith paid the agent (Armstrong v. Stokes, 7 L. R. Q. B. 253 ; Rowan v. Buttman, 1 Daly, 412), and provided that the credit has not been given to the agent as agent (Meeker v. Claghorn, supra; Coleman v. First Nat. Bank of Elmira, 53 N. Y. 388).
In each of these cases there must be an agency which was unknown to the plaintiff. But in the case before the court the plaintiffs refused to contract with the defendants. There was no reciprocity of action between the plaintiffs and the defendants; if the plaintiffs had refused to complete the contract, the defendants could not have sued them for damages (Humble v. Hun *83 ter, 12 Q. B. 311; Winchester v. Howard, 97 Mass. 303; Robson v. Drummond, 2 B. & Ad. 303).
In this case the plaintiffs did not give credit to the agent as agent, because they did not know that Bishop was acting as agent for the defendants.
The plaintiffs’ exceptions are overruled and judgment is ordered for the defendants dismissing the complaint with costs.
Sedgwick, Ch. J., and O’Gorman, J., concurred.