# Birmingham Matinee Club *v.* McCarty.

*Action for Breach of Contract.*

(Decided July 2, 1907.  44 South. 642.)

*Principal and Agent; Undisclosed Agency; Contracts Involving Personal Trusts.*—An undisclosed principal cannot, while the contract remains executory, enforce it either to compel specific performance by the other party or in damages for a breach thereof, if the contract involves elements of personal trust and confidence, as a consideration moving from the agent of the undisclosed principal, contracting in his own name, to the other party to the contract.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action for breach of contract by the Birmingham Matinee Club against M. F. McCarty. From a judgment for defendant, plaintiff appeals. Affirmed.

Action by the Birmingham Matinee Club against M. F. McCarty to recover $5,000 as damages for the breach of an agreement entered into by him on Dec. 3, 1904, in substance as follows: Plaintiff sold to defendant for $16,000 cash property known as "Trotwood Park," located near East Lake, Ala., containing 100 acres, said sale being subject to an abstract and warranty deed of good title conveying the property to defendant unincumbered, and defendant agreed to buy said property at said price on said terms; and plaintiff alleges that, although it had complied with all the provisions of said contract on its part, defendant has failed to pay any part of said purchase money, except said sum of $500, which he paid on the 3d day of December, 1904. The second count sets up the same state of facts and alleges a breach in a declination to purchase. The fourth, fifth and sixth counts were the common counts. This complaint was amended by adding to the first, second, and third counts the following: "And plaintiff claims as special damages the difference between said sum of $16,000 and the amount to-wit, $12,500, which plaintiff was able to realize from the subsequent sale of said land and also a large sum, to wit, $500, the expenses of making said subsequent sale." The third count was further amended by inserting after the words "for the breach of an agreement entered into by him" where they occur in said count, the words, "with plaintiff in the name of W. C. Agee, who was agent and president of plaintiff's corporation."

A number of pleas were filed to the complaint, the second of which alleges that by the contract the sale was made subject to an abstract and warranty deed of good title, conveying the property to defendant unincumbered, and the fact that plaintiff could not comply with the terms, because said property was incumbered with a $5,000 mortgage. The 3rd plea sets up that the contract was made with one Agee, and is in all other respects similar to plea 2. The fourth plea sets up false and fraudulent representations made by the agent of said Agee as to the boundary and extent of the land, and that on discovery of same defendant rescinded the contract, and so notified the agent and Agee. The other pleas set up fraud and misrepresentation of a similar character, and in two of them it is alleged that the plaintiff was indebted to defendant in the sum of $500 on account of money paid, and it is claimed as a set-off, and judgment is asked for the excess.

It seems from the evidence that this trade was made by Mr. Agee, as president of the association, and others, with M. P. Messer, a real estate agent, who said that he thought he had a client who would buy it and asked the price of it; that some time afterwards Mr. Messer said he thought he had a man who would give $19,000 for the property, and a short time after that conversation Mr. Messer came back and said that his client would not give $19,000, but that, if he would take $15,500 cash, he could close the trade, and it was agreed to take it. It was then that Mr. Messer came up with a check from Mr. McCarty and that was the first time they knew Mr. McCarty as a party to the trade. The note or memorandum of sale is as follows:

"State of Alabama Jefferson County. This is to certify that I have this day sold to M. F. McCarty for $16,000 cash property known as 'Trotwood Park,' located

near East Lake, Ala., containing 100 acres, and I herewith acknowledge receipt of $500, being part of purchase money to bind the sale, said sale being subject to an abstract and warranty deed of good title conveying the property to the purchaser unincumbered. (Signed) W. C. Agee.

"Accepted. (Signed) M. F. McCarty."

On motion of defendant this was excluded. There was judgment for defendant, and plaintiff appeals.

BOWMAN, HARSH & BEDDOW, for appellant. Demurrers should have been sustained to the 6th plea.—9 Cyc. pp. 408-411. The plea fails to indicate in what the misrepresentation consisted, or how the property pointed out differed from the property mentioned in the contract.—*Phoenix Ins. Co. v. Moog,* 78 Ala. 284. If a purchaser has paid part of the purchase money and has been put in possession, he cannot defend a suit for a breach of the contract by pleading the statute of fraud, and if the memorandum be not signed by the defendant but only by an agent thereunto authorized in writing, the same is true.—*Parrish v. Steadham,* 93 Ala. 465; s. c. 102 Ala. 619; *Engler v. Garrett,* 59 Ala. 648. The memorandum was sufficient and should have been admitted in evidence.—*Homant v. Stewart,* 103 Ala. 650. The evidence shows without controversy that the contract was that of plaintiff and not of Agee.—*Powell v. Wade,* 109 Ala. 97. The court erred in rendering judgment in favor of defendant on his plea of recoupment.— *Nelson v. Shelby Mfg. Co.,* 96 Ala. 526.

E. L. RIVERS, and CABANISS & WEAKLEY, for appellee. Parties to a contract for the sale of land are presumed to contract with reference to an indefeasible estate, in fee simple, and if the vendor in fact had no title, the pur-

chaser may, so long as the contract is executory, whether it is verbal or written, repudiate it altogether and recover back the money paid under it.—*Flinn v. Barber,* 64 Ala. 193; *B'ham Land & Loan Co. v. Thompson,* (Ala.)

Where nothing to the contrary appears, the good title to which the purchaser has a right, must be made out by the vendor himself, or by his personal representatives, acting as such. The purchaser is not, as a rule, bound to accept a good title from a third person.—29 Am. & Eng. Ency. Law, 610; *Hussey v. Roquemore,* 27 Ala. 381; *In re Bryant,* 44 Ch. Div. 218; *Royal v. Dennison* (Calif.), 38 Pac. 39; *Gaar v. Lockridge,* 9 Ind. 92; *George v. Conhaim,* 38 Minn. 338.

Where personal trust or confidence is reposed by the other party in the agent who contracted in his own name the undisclosed principal cannot enforce the contract while it is executory.—1 A. & E. Ency. of Law, 1171; *Boston Ice Co. v. Potter,* 123 Mass. 28.

McCLELLAN, J.—On this appeal, in our view, the vital and decisive question is May an undisclosed principal enforce, in breach of performance, a contract made by an agent fully authorized thereunto, in his own name, for the sale to and purchase by another of lands of the principal wherein it is stipulated that the ostensible seller (the agent in reality) will grant by warranty deed an unincumbered title? As a general rule, the principal, though undisclosed, is invested by the authorized act of the agent, for the benefit and advantage of the principal, with every right and burdened with every liability arising out of or pertaining to the contract as perfectly as if the principal had, in his own name and person, made the contract.—Mechem on Afency, § 768 et seq; Story on Agency, §§ 160-162. But this rule is

subject to an important exception, viz., that if the contract involves elements of personal trust and confidence, as a consideration moving from the agent (of the undisclosed principal), contracting in his own name, to the other party to the contract, the principal, while it remains executory, cannot, against the resistance of the other party, enforce it, either to compel performance by the other party or in damages for a breach.—Mechem on Agency, § 770; *King v. Batterson,* 43 Am. Reu. 13, 13 R. I. 117; *Boston Co. v. Potter,* 25 Am. Rep. 9, 123 Mass. 28; *Winchester v. Howard,* 93 Am. Dec. 93, 97 Mass. 303; 1 Ency. Law, pp. 1171, 1172, and notes; Story's Agency, §§ 160, et seq and notes. The reason for this exception is manifest. If the party contracting without knowledge of the agency, were bound to take the service or conveyance or property from the undisclosed principal, the well-recognized rule that one may determine for himself with whom he will deal, with whom he will contract would be directly infracted; and the elements of the contract reasonably attributable to personal confidence and trust, including the financial responsibility of the agent, with whom he alone deals as principal, would be stricken of force to which under all principles of substantial justice and right the relying party is entitled to the benefit. Of course, it follows that for a failure or refusal, by the party dealing with the agent, to perform the contract, which was in reality, but unknown to be, the undertaking of an undisclosed principal, and not the undertaking of the individual with whom made, the recalcitrant party, cannot be mulcted in damages by the developed principal.

Applying this principle to the case at bar, the appellant is without right to and cannot recover; and the judgment to that effect was well rendered. As in such cases, the erroneous (if so) action of the court below

was without injury to it. The judgment, responding to the plea of recoupment, was properly rendered. The sum paid by the defendant was recoverable, the record affirmatively showing that the sum paid was received by the plaintiff.—*Flinn v. Barber*, 64 Ala. 193. The ratifiaction of the contract as urged, by the plaintiff wrought by the receipt of the sum paid by the defendant to Agee could not avail or compel the latter to accept the former as a substitute for Agee with whom he dealt and whose warranty of title, only, he engaged to take.

There is no reversible error in the record and the judgment is affirmed.

Affirmed.

Tyson, C. J., and Dowdell and Anderson, JJ., concurring.