M. E. SHIELDS, Appellant, v. RICHARD COYNE.

**Principal and agent:** CONTRACT BY AGENT: UNDISCLOSED PRINCIPAL: 1 EVIDENCE. One who sues as an undisclosed principal on a contract purporting to have been made by his agent in the agent's name has the burden of proving the agency, and that in making the contract the agent was acting for him. In this case a wife brought suit for breach of a contract made by her husband with defendant, and the evidence is held insufficient to show that the husband was acting for plaintiff in the transaction as an undisclosed principal.

**Same:** RIGHTS AND LIABILITIES OF UNDISCLOSED PRINCIPAL. Ordinarily 2 an undisclosed principal may sue and be sued for the breach of a contract made by an agent for his benefit but in the agent's name; yet if the party contracting with the agent without knowledge of the agency does so because of some personal trust or confidence in the agent, and the contract remains executory, the undisclosed principal can not enforce the agreement in his own name.

*Appeal from Shelby District Court.*—HON. O. D. WHEELER, Judge.

SATURDAY, JULY 9, 1910.

ACTION to recover damages for a breach of a contract for the loaning of money by defendant to plaintiff, represented in the transaction by her husband, Patrick Shields. At the close of plaintiff's evidence the court sustained a motion for defendant to direct a verdict in his favor, and from judgment on such directed verdict, the plaintiff appeals. *Affirmed.*

*T. E. Brady* and *Cullison & Cullison,* for appellant.

*Byers, Lockwood & Byers,* for appellee.

McCLAIN, J.—The evidence tends to show an oral agreement between the defendant and Patrick Shields, the husband of plaintiff, by which, on certain contingencies not here material to mention, the defendant agreed to loan to said Patrick Shields $9,600 at five and one-half percent interest for five years to enable the latter to purchase a a piece of land, and that subsequently when the conditions had been complied with the defendant refused to advance the money in accordance with the agreement, rendering it necessary for this plaintiff, who alleges that the agreement was made for her and in her behalf, to borrow the money elsewhere at six percent. Plaintiff seeks to recover, by way of damages for breach of the contract, the difference in the interest which she was compelled to pay. It is not claimed that plaintiff's husband purported in the negotiations to be acting for his wife or for any person other than himself, or that defendant knew or had any reason to suppose that plaintiff's husband was making the

*1. PRINCIPAL AND AGENT: contract by agent: undisclosed principal: evidence.*

contract as the agent of another. Indeed, we are unable to discover in the brief record presented to us any evidence of an arrangement or understanding between plaintiff and her husband that her husband was to act in her behalf in procuring the loan from defendant. This is a very material matter, for without some such arrangement or understanding between plaintiff and her husband, the contract would not be binding on the plaintiff, and therefore, as between her and defendant, there would be no mutuality. It does appear that the plaintiff, during the time these negotiations between her husband and defendant were pending, was carrying on a farm in her own name, and that all the marketing, buying, and selling was done by him for her. But we think that this evidence falls far short of constituting any proof that, even as between plaintiff and her husband, it was understood that the proposed loan was being procured by plaintiff's husband for her, as undisclosed principal.

Under this state of facts it is very clear that plaintiff can not maintain an action for the breach of this contract: First, because plaintiff's allegation that she entered into such contract through her husband as her agent, which allegation is covered by defendant's general denial, was not proven; and second, because, if proven, the contract would not be binding as between her and the defendant who had no knowledge that her husband was acting as her agent in the matter. One who sues as undisclosed principal on a contract purporting to have been made by his agent in the agent's own name has the burden of proving the fact of agency, and that in the making of a contract the alleged agent was acting for him. *Powell v. Wade,* 109 Ala. 95 (19 South. 500, 55 Am. St. Rep. 915).

While the first of these reasons appears to us to be conclusive of the case, the argument of counsel relates to the second proposition, and we shall briefly express our views as to appellant's contentions. It is true that if

one, as agent and acting for another, make a contract in his own name for the benefit of his undisclosed principal, the principal may be sued for breach of such contract, and on the other hand may recover damages for breach thereof by the other party. But this general rule is subject to well-recognized exceptions, one of which is that if the party contracting with the agent having no knowledge of the agency may reasonably be supposed to have entered into such contract in consideration of some element of personal trust and confidence, and the contract remains wholly executory, the undisclosed principal can not enforce the contract in his own name and right. This exception is based on the very good reason that a contracting party is not bound to accept performance of personal services from or extend confidence or credit to another person than the one with whom he supposed he was entering into the contract relation. Mechem, Agency, sections 769-771; *Birmingham Matinee Club v. McCarty,* 152 Ala. 571, (44 South. 642, 13 L. R. A. (N. S.) 156), 15 Am. & Eng. Ann. Cas. 237, and notes; *Kelly v. Thuey,* 102 Mo. 522 (15 S. W. 62); *King v. Batterson,* 13 R. I. 117 (43 Am. Rep. 13); *Barns v. Barrow,* 61 N. Y. 39 (19 Am. Rep. 247); *Cowan v. Curran,* 216 Ill. 598 (75 N. E. 322); *New York Brokerage Co. v. Wharton,* 143 Iowa, 61; *Ellsworth v. Randall,* 78 Iowa, 141.

2. SAME: rights and liabilities of undisclosed principal.

The facts of this case bring it clearly within the exception to the rule that the undisclosed principal may sue for breach of contract made by his agent. There is no evidence that Patrick Shields agreed to secure the payment of the money to be loaned by a mortgage of the land which as he represented he proposed to purchase, and even if it appeared that the loan was to be thus secured, there is no evidence that the defendant relied entirely upon such security, and not to any extent upon the personal responsibility of Patrick Shields. It is clear that he was under

no obligation therefore to make the loan to plaintiff, and if he were under no such obligation, he is not liable for damages to plaintiff for refusing to make it. If the contract was by Patrick Shields as agent for plaintiff, it could only be carried out by the loan of the money to plaintiff, and plaintiff can not recover damages if the contract was only for the loan of money to her husband.

The cases relied upon for appellant are not in point. In *Winchester v. Howard,* 97 Mass. 303 (93 Am. Dec. 93), it is said that an agent may sell the property of his principal without disclosing the fact of his agency, or that the property is not his own, and the principal may maintain an action in his own name to recover the price. But the court follows this general proposition with the statement that, on the other hand, every man has a right to elect what parties he will deal with, and to take into account in such dealing the character, credit, and substance of the person with whom he contracts. And in *Kelly v. Thuey,* 143 Mo. 422 (45 S. W. 300), the court, commenting upon the case of the same title above cited, simply holds that an agent may enter into a contract for the purchase of land for an undisclosed principal, and the principal may maintain suit in his own name and enforce the contract; but it is not indicated that any credit was extended or was to be extended to the agent as supposed principal in the transaction.

The reasons assigned by the defendant for refusing to carry out the contract with plaintiff's husband were wholly immaterial. If he incurred no obligation to this plaintiff, then his reasons for not carrying out his contract with her husband, even though not sufficient to justify him as against the husband, would not give rise to any right of action in favor of the plaintiff.

The judgment was correct, and it is *affirmed.*