## PARKER v. DANTZLER FOUNDRY & MACHINE WORKS.

[79 South. 82, Division A.]

1. SALES. *Implied contracts. Corporations. Receiver.*
   It is elementary law that a party has a right to select and determine with whom he will contract and cannot have another person thrust upon him without his consent.

2. SAME.
   Where defendant ordered goods from a corporation intending to set off as payment a debt due him by the corporation and received and used the goods before receiving the invoice or learning that the order had been filled by plaintiff, the receiver for the corporation. In such case there was no express or implied agreement by the defendant to pay the plaintiff, receiver, therefor.

3. PAYMENT. *Application. Offset.*
   Where defendant ordered goods from a corporation intending to set off as payment a debt due him by the corporation and received and used the goods before receiving the invoice or learning that the order had been filled by plaintiff, receiver of the corporation, and after receiving such notice ordered other goods of the receiver of the corporation, and made payment to the plaintiff receiver and it is not shown that such payments were applied to any particular items of the two accounts, the court will not apply such payment to the account for goods ordered from the corporation instead of the account for goods bought of the receiver.

APPEAL from the circuit court of Harrison county.

HON. J. H. NEVILLE, Judge.

Suit by Arthur D. Parker, as receiver of J. Menge & Sons, Limited against the Dantzler Foundry & Machine works. From a judgment for defendant, plaintiff appeals.

The agreed statement of facts referred to in the opinion is as follows:

"It is hereby agreed by and between the parties hereto that the following constitute the facts in this cause, and that this case shall be tried by the court, without the intervention of a jury, upon the following statement of facts:

"(1)    That J. H. Menge & Sons, Limited, was a corporation domiciled at New Orleans, La., and doing business under said corporate title up to November 28, 1913, on which said date Arthur D. Parker was duly and legally appointed receiver of the said company by the civil district court of the parish of Orleans, state of Louisiana, a competent jurisdictional court, with full power to appoint receivers in such causes, and on which said date the said Arthur D. Parker duly qualified as as receiver of the said company and still is the receiver of said company; that the said Dantzler Foundry & Machine Works is a corporation domiciled at Gulfport, Miss., and is still engaged in business at said place.

"(2)    That on the date, and prior thereto, of the appointment of said receiver J. H. Menge & Sons, Limited, was indebted to Dantzler Foundry & Machine Works in the sum of two hundred and eleven dollars and twenty-eight cents, and that thereafter, to wit, on December 2, 1913, the said defendant ordered from J. H. Menge & Sons, Limited, without any knowledge whatever of the appointment of A. D. Parker or anybody else as receiver of said company, a bill of goods amounting to six hundred, ninety-six dollars and seventy-one cents, and that said order was filled by A. D. Parker, receiver, without any notice being given to said Dantzler Foundry &

Machine Works that a receiver had been appointed for said company, and without any notice to said company that the order was being filled by A. D. Parker, receiver; that said goods were shipped by said Parker upon the order sent to J. H. Menge & Sons, Limited, and that there was no order given to said receiver for said shipment; that no notice was given the Dantzler Foundry & Machine Works that it would not be allowed credit upon settlement for the amount due it by J. H. Menge & Sons, Limited, but that the defendant accepted said shipment under the belief that it was being shipped by J. H. Menge & Sons, Limited, and that it would be allowed credit for the amount owing to it by said company.

"(3)   That the goods so ordered on December 2, 1913, were used by the defendant before invoice was received and before the defendant had any knowledge that A. D. Parker had been appointed receiver for said company or that the order had not been filled by said J. H. Menge & Sons, Limited; that thereafter the defendant learned of the appointment of such receiver, and did, after learning of such fact, order other goods from said receiver up to and including May 19, 1914, aggregating the sum of one thousand two hundred and thirteen dollars and ninety-five cents including said invoice of six hundred and ninety-six dollars and seventy-one cents, ordered December 2, 1913, from J. H. Menge & Sons; that the Dantzler Foundry & Machine Works made a payment on said purchases in the sum of seven hundred and fifteen dollars and ninety-five cents, on the 27th day of April, 1914, and made another payment of two hundred and eighty-six dollars and seventy-two cents an June 27, 1914, leaving a balance on goods sold by the said receiver, including the order of December 2, 1913, to J. H. Menge & Sons, filled by the receiver, to the said Dantzler Foundry & Machine Works in the sum of two hundred and eleven dollars and twenty-eight cents, the amount due by J. H. Menge & Sons to defendant.

"(4) It is further agreed that on December 2, 1913, at the time of the purchase of said first bill, the defendant did not know that the said A. D. Parker, or any one else, had been appointed receiver of said plaintiff, and that said receiver had the possession and control of all the assets of the said J. H. Menge & Sons, Limited. It is further agreed that on the 1st day of December, 1913, the defendant sent in an order to J. H. Menge & Sons for a portion of the items aggregating the purchases of one thousand two hundred and thirteen dollars and ninety-five cents; the receiver of said company received said order and shipped the goods under the circumstances over outlined, that is to say, without any knowledge on the part of the defendant that a receiver had been appointed, and the defendant thought and expected the order to be filled by the person from whom it was ordered; that the goods were received and used prior to receipt of invoice or knowledge on the part of the defendant that a receiver had been appointed, but some time subsequent to the orders above mentioned the defendant did receive knowledge of the appointment of plaintiff as receiver of said company, and all subsequent purchases by defendant from the receiver were invoiced in the name of the receiver.

"(5) That the said receiver did not intend to deliver goods, wares, and merchandise in his possession as receiver to said defendant in settlement of, or in part settlement of, an old indebtedness of the said Menge & Sons to the defendant, which accrued prior to the appointment of the receiver, and that said receiver did not have any order of court or authority to pay said indebtness in favor of the defendant in money or by the delivery of goods, wares, and merchandise, and that the Dantzler Foundry & Machine Works did not intend to and did not order the goods on December 1, and 2, 1913, from A. D. Parker, receiver, but ordered the goods shipped under said orders

118 Miss.—9

from J. H. Menge & Sons, Limited, under the belief that said orders would be filed by said J. H. Menge & Sons, Limited, and defendant allowed to set off its claim against said company.

"(6)   That no dividends have been paid to the creditors of J. H. Menge & Sons, Limited, by the receiver, but that the claim of two hundred and seventy-three dollars and sixty cents, of the said Dantzler Foundry & Machine Works against the said J. H. Menge & Sons, Limited, is recognized by the receiver and the civil district court as a just claim against said company, subject to a credit of sixty-two dollars and thirty-two cents; that a dividend of —— per cent. has been declared."

*Hanun Gardner and Charles Scott Brown,* for appellant.

Appellee lays great stress upon its claim that the receiver had no right to bring this suit; that: "No court in this state had any power over the receiver, and, as it was an ancillary proceeding, he could not be made responsible to the court appointing him in another state." Counsel then quotes a formidable line of authorities in support of this proposition.

This view of appellee's and the authorities cited, are not to the point, and do not touch the case at bar. This suit is not an ancillary proceeding; the receiver is not attempting to reduce to his possession or control any property in this state belonging to the insolvent, whereby the rights of resident creditors are prejudiced. The receiver is simply trying to enforce collection of a debt that was contracted with, and had accrued to, him after his appointment. And appellee can no more question the receiver's right to sue for this debt than it could question the right of the, receiver to have sold the goods for which he sues. Where the cause of action is in the

receiver "he comes in his own right like any other litigant clothed with title to the cause of action, not as a suppliant invoking the doctrine of comity." *Interstate Trust & Banking Co.* v. *Dierks Lumber & Coal Company,* 133 Mo. App. 35, *Oliver* v. *Clarke,* 106 Fed. 402, 45 C. C. A. 360, *Wilkinson* v. *Culver,* 24 Fed. 639.

Mistake of Parties. The doctrine announced in *Boston Ice Co.* v. *Potter,* 123 Miss. 28, and the cases following that decision, does not apply to the case at bar.

First: Because appellee is attempting to urge this plea against a receiver, who is the agent of all parties; and, in discharging his duties, under authority of the appointing court was acting not for his own profit, but for the benefit of all parties, including appellee.

Second: Because the essence and spirit of a mistake of parties is lacking.

And a careful study of the transaction discloses that such a contention on the part of appellee is only a flagrant attempt to do indirectly that which it could not do directly namely, set off against the receiver the old debt it held against the insolvent estate.

As to the count of the declaration not being proven. Counsel for appellee seemingly overlooks the fact that an implied contract is as valid and binding as an express one. *Rives* v. *Odeneal,* 8 S. & M. 691 (quoted in our original brief), squarely sets at rest any such question.

We wish to correct one impression suggested by appellee's brief, and that is, no element of misrepresentation, on the part of the receiver, enters into the case. The agreed statement of facts does not even intimate such a thing. On the contrary the court will note that the relations between appellee and A. D. Parker receiver, continued for six months after the initial transaction.

Lastly, we desire to calm counsel's fears that appellee will have to pay twice for the goods. The single purpose of this suit is to induce appellee to pay once,

and if we are successful in our endeavor, our object will be accomplished and the ends of justice will have been achieved.

For the reasons assigned above as well as for those appearing in our original brief, we respectfully submit that the judgment of the trial court should be reversed, and judgment rendered here for appellant.

*White &. Ford,* for appellee.

We submit with respect that the court has misconceived the question involved in the case. After the case was submitted on briefs, the court called for additional briefs, asking what was really decided by the lower court. Both sides filed additional briefs, agreeing that the only thing entering into the decision of the lower court was the fact that no contractual relations existed between the parties as to the item in question as shown by the statement of facts.

We have apparently answered every contention of appellant in both his first two briefs, as the court now calls for additional briefs, and as the rule is that a court of appeals to reverse, must be satisfied from the record that the lower court committed error, we think appellant has utterly failed to point out any error, as he must do to cause a reversal of the case.''

If there was ever any question of application of payments in this case the appellee would never have had any standing in court and the suit would have been a farce. The appellee, by manipulation of accounts, cannot be made liable where it is otherwise not liable, so far as this suit is concerned, the same situation applies as if there had never been another order except the one question. This order was ordered from Menge & Son and not from Parker.

Appellant cites some cases. They are all right and announce correct propositions of law, but they

are foreign to anything involved here. We are fully aware of the rule governing application of payments. Of course, if Parker can apply payments made to him to an account brought from Menge and Co., thereby leaving a balance due Parker, and let him in this way recover for goods not sold by him, then the case should be reversed and judgment for appellant rendered, were it not for the fact that if Parker can apply payments then the Foundry Company can set off the account of Menge, so the parties would still be even. So, if the ruling of the lower court is to be reversed, the court still cannot reverse the case, as the court certainly wants to do the appellee no injustice. So if Parker is to be allowed credit in his accounts for an order sold by Menge, then appellee must be allowed credit for its claim against Menge and the case affirmed.

Suppose, if the court please, the court were to hold Parker could apply the payment as suggested by the court. Let's see where it would lead. A is indebted to B in the sum of twenty-five dollars ($25); B orders goods from A to that amount. C, who has been appointed A's receiver, without disclosing his identity or the receivership, ships the goods and they are used by B before knowledge that they were not shipped by A. B thereafter needing certain goods, orders them from C as receiver and pays him therefor. C then sues B for the item ordered from A, but shipped by C. It is shown C cannot recover from B for the item. Will he be allowed then to pay out of the moneys paid him for goods ordered from him, the amount of the order from A and have a balance on the legitimate accounts subsisting between B and C? To so hold would open the way for any sort of fraud and would entirely destroy an essential element of contract. But it cannot be denied that if this could be done then the relationship between A and C are such that B must be allowed credit for the amount of A's indebtedness

to him. So no matter what course the reasoning takes, the case should be affirmed.

We respectfully again submit that the Boston Ice case cited in our first brief filed is on all-fours with the case and should control its decision.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment against appellant in a suit instituted by him to recover of appellee a balance alleged to be due on an account for goods sold and delivered. The cause was submitted to the judge to be decided without a jury upon an agreed statement of facts which the reporter will set out in full, from which it will be observed that the amount here in controversy is the exact amount admitted to be due appellee by Menge & Sons, and which it expected to be credited with when it ordered the goods here in controversy.

The contention of appellant is that appellee is attempting to use the debt due it by Menge & Sons as a set-off against a debt due him for goods sold and delivered after he took charge of the business of Menge & Sons as receiver. Appellee disclaims any such intention, and simply denies any liability whatever to appellant because of the shipment to it by appellant of the goods ordered by it from Menge & Sons.

. Appellant can recover on the item of the account sued on representing the price of the goods ordered by appellee from Menge & Sons and shipped by him only upon a promise, either express or implied, by appellee to pay him therefor. He does, and could, not successfully claim that appellee made any such express promise, and no such promise can be here implied, for the reason that the goods were used by appellee before it learned that they were shipped by appellant, and not by Menge & Sons, it being "elementary law that a party has a right to select

and determine with whom he will contract and cannot have another person thrust upon him without his consent." 1 Elliott on Contracts, section 102; 2 Elliott on Contracts, section 1408; 35 Cyc. 60; *Boulton* v. *Jones,* 2 H. & H. 564; *Boston Ice Co.* v. *Potter,* 123 Mass. 28, 25 Am. Rep. 9; *Randolph Iron Co.* v. *Elliott,* 34 N. J. Law, 184. The wisdom of this rule is manifest here, for appellee has a perfect defense by way of set off against the party with whom it thought it was contracting, which defense appellant claims cannot be availed of against him.

That appellant must lose the balance unpaid on the price of the goods in so far as the recovery thereof from appellee is concerned is not here material, for he brought that trouble upon himself by shipping the goods without notifying appellee that its order therefor was being filled by him, and not by Menge & Sons, the party to whom the order was given, so that appellee could have exercised its right to accept or reject them.

But it is said by counsel for appellant that this principle cannot be availed of here, for the reason that under the rules governing the application of payments this item of the account sued on must be held to have been paid. The agreed statement of facts does not disclose that the payments were applied by either appellee or appellant to any particular items of the account, and the court should not apply them so as to cause appellee to pay money which it does not owe and did not intend to pay, except in the manner disclosed by the agreed statement of facts, that is to say, by, in effect, setting off against it the debt due it by Menge & Sons.

The fact that appellee paid a part of the sum demanded of it by appellant for these goods does not constitute a ratification by it of appellant's substitution of himself for Menge & Sons in the sale there-

of; such payment being wholly gratuitous and impos-
ing no obligation whatever on appellee.

*Affirmed.*