### COAST FISHERIES CO. v. LINEN THREAD CO.

(District Court, D. Massachusetts. January 6, 1921.)

No. 1195.

1. **Principal and agent** ⊂⟩190(1)—**Party claiming to be undisclosed principal of party to contract must prove agency.**

   One suing for breach of warranty on a sale of goods to a third party as the undisclosed principal of such third party must prove the agency.

2. **Principal and agent** ⊂⟩143(2)—**Undisclosed principal cannot recover, if circumstances preclude substitution for agent.**

   An undisclosed principal cannot recover on a contract made with its agent, if the nature of the contract and the circumstances surrounding

it are such as to preclude the principal from substituting itself in place of the agent.

**3. Corporations** ☞432 (12)—**Evidence held to show buyer of goods for plaintiff was not acting as its agent.**

Evidence *held* to show that one of plaintiff's stockholders, in buying goods from defendant for its use, which were delivered to it, after defendant had refused to sell them to plaintiff because its credit was not satisfactory, did not act as agent for plaintiff.

**4. Contracts** ☞186 (1)—**Person cannot be put into contractual relation with another, with whom he refuses to deal.**

In private affairs, everybody has a right to choose with whom he will contract, and one person cannot be put into contractual relations with another, with whom he has refused to deal by any arrangement or understanding between the other party to a contract and a third person.

**5. Principal and agent** ☞143 (2)—**Undisclosed principal cannot substitute itself for agent, when personal qualities or responsibilities involved.**

In executory contracts involving personal qualities or responsibility, an undisclosed principal cannot substitute himself for his agent without the assent of the other party to the contract.

**6. Corporations** ☞431—**Undisclosed principal held not entitled to recover, where other party had refused to deal with it on credit.**

Assuming that one of plaintiff's stockholders, in buying goods to be manufactured by defendant on 60 days' credit, was the agent of plaintiff, as his undisclosed principal, plaintiff could not recover on the contract, where defendant had declined to sell to plaintiff, because its credit was not satisfactory.

At Law. Action by the Coast Fisheries Company against the Linen Thread Company. Judgment for defendant.

Carver & Schell and Martin Gilbert, all of Boston, Mass., for plaintiff.

Carlton W. Wonson, of Beverly, Mass., for defendant.

MORTON, District Judge. This action is brought to recover damages for an alleged breach of warranty on a sale of goods by the defendant to the plaintiff. The defendant contends, inter alia, that it did not sell the goods in question to the plaintiff, and made no contract with the plaintiff with respect to them, and that the plaintiff is therefore not entitled to recover. A jury having been waived, the evidence on this issue has been completed, and the question argued and submitted, without the defendant being required to rest on its other defenses.

The facts are as follows:

The defendant is a large manufacturer of gill netting. The plaintiff is a fishing company, in which Eugene P. Carver, Esq., was the principal stockholder. The defendant, not being satisfied with the credit of the Fisheries Company, declined to sell to it. Thereupon Mr. Carver arranged with the defendant that goods wanted by the Fisheries Company should be ordered by and charged to him. This arrangement covered the transaction here in question.

The contract on which this action rests is not in dispute, being contained in the correspondence between Mr. Carver and the defendant. On its face it appears to be between Mr. Carver and the defend-

ant; the defendant's letters are addressed to Mr. Carver personally; his letters are written on his personal letter heads and signed by him personally; the correspondence contains no suggestion that he was acting as agent. The goods were billed to Mr. Carver, and by his direction were shipped to the plaintiff at Gloucester. The sums which he paid for the goods were credited to him on the plaintiff's books. The defendant understood that the goods were procured by Mr. Carver for the use of the Fisheries Company.

After the alleged defects in the netting for which this action is brought had become manifest, Mr. Carver wrote to the American Net & Twine Company, with which the defendant is affiliated, complaining that the gill netting was not proper, and that the defect had resulted in "great expense and loss to me." His letter also stated that—

"You [the defendant] will therefore not receive any orders from me or any one purporting to represent me * * * until such time as you are willing to take the matter up in what I consider to be a businesslike way."

When the defendant brought suit in the state court against Mr. Carver for the balance of certain bills, Mr. Carver brought a cross-action against it in his own name to recover the damages now sued for by the plaintiff. The action in the state court antedated the present one by about six months, and at the time when this action was heard was still pending.

[1, 2] The ground upon which the plaintiff now claims to recover is that Mr. Carver acted as its agent in making the purchases in question, it being his undisclosed principal. This contention involves: First, a question of fact. The plaintiff, alleging the agency, must prove it. Shields v. Coyne, 148 Iowa, 313, 127 N. W. 63, 29 L. R. A. (N. S.) 472, Ann. Cas. 1912C, 905. And, second, the nature of the contract and the circumstances surrounding it must be such as not to preclude the principal from substituting itself in place of the agent. Moore v. Vulcanite Co., 121 App. Div. 667, 106 N. Y. Supp. 393; Birmingham Club v. McCarty, 152 Ala. 571, 44 South. 642, 13 L. R. A. (N. S.) 156, 15 Ann. Cas. 237; Shields v. Coyne, supra; Arkansas Valley Smelting Co. v. Belden, 127 U. S. 379, 8 Sup. Ct. 1308, 32 L. Ed. 246.

[3] Mr. Carver was undoubtedly acting in the interest of the plaintiff; the goods were purchased for its use, and were delivered to it; he made no profit on the transactions, and entered into them only to assist the plaintiff, in which he was heavily interested. But it does not necessarily follow that he made the contract as its agent, nor that the transaction was so understood between them. Whiting v. Crawford Co., 93 Md. 390, 49 Atl. 615. Indeed, it sems fairly clear that Mr. Carver, at the time when the contract was completed, did not understand that he was binding the Fisheries Company to the defendant. Both he and the defendant had in mind that the latter was unwilling to contract with the plaintiff. Its offer was made to Mr. Carver personally, and was accepted by him personally. The bills were rendered to him, and were paid by him, or at his direction. When trouble arose about the quality of the goods, he spoke of the loss as to *"me,"*

and said *he* would not deal with the defendant until the latter was straightened out in what he considered a businesslike way; and he refused to pay personal bills to the defendant. When sued by the defendant, he counterclaimed for the very damages which the plaintiff now seeks to recover.

Nobody contends that Mr. Carver took the position of guarantor of the Fisheries Company's bills to the defendant; and it is clear that he did not, and that the defendant dealt directly with him. Giving Carver's deposition the careful consideration to which it is entitled, the transaction seems to me to have been one in which he bought the goods and turned them over to the Fisheries Company, rather than one in which the Fisheries Company bought from the defendant through him as agent; and I so find.

Moreover, even if it be assumed that, as between Mr. Carver and the plaintiff, the latter was understood to be the contracting party, I do not think that, as against the defendant, this understanding can be given effect.

[4, 5] It is not easy to state a general inclusive rule of law covering the rights of an undisclosed principal to substitute himself for his agent in a contract, and to sue on it in his own name; but it is clear that in private affairs everybody has the right to choose with whom he will contract or will not contract, and that one person cannot be put into contractual relations with another with whom he has refused to deal by any arrangement or understanding between the other person and a third person. And it is also clear that, in executory contracts involving personal qualities or responsibility, an undisclosed principal cannot substitute himself for his agent without the assent of the other party to the contract. Winchester v. Howard, 97 Mass. 303, 93 Am. Dec. 93; Boston Ice Co. v. Potter, 123 Mass. 28, 25 Am. Rep. 9; Boulton v. Jones, 2 Hurlst. & Nor. 564; Arkansas Smelting Co. v. Belden, supra. See, too, note to Shields v. Coyne, supra, in 29 L. R. A. (N. S.) 472.

[6] These principles seem to me decisive of the present case. The defendant had, as all parties understood, explicitly refused to deal with the plaintiff (see Moore v. Vulcanite Co., supra, where a similar ground of refusal to deal with a person is discussed); the goods ordered were to be manufactured by the defendant; and the sale was the buyer was an important factor, as both parties recognized. With not for cash, but on 60 days credit. The personal responsibility of the defendant it was a decisive factor.

Upon the facts stated, I am of opinion that the plaintiff is not entitled to recover; and I so find and rule.

Judgment for defendant.